UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MAURICIO MARTINEZ, Individually And On
Behalf Of All Other Persons Similarly Situated,

                Plaintiff,

-against-

MARCHO CORP. d/b/a
COCO ROCO & LUCIA ANTOLINO-TISCO,
jointly and severally,

                Defendants.
--------------------------------------------------------------X

COMPLAINT AND
JURY DEMAND

CV10-2741
(   ,   , MJ)

Docket No. DEARIE, CH. J.

GO, M.J.

## NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendants for hours worked in which they were not paid the full minimum wage, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.     Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is (i) entitled to unpaid overtime wages from Defendants for his work beyond 40 hours per week, (ii) entitled to unpaid minimum wages from Defendants for hours he worked in which he was not paid the full minimum wage, (iii) entitled to unpaid spread of hours payments from Defendants for each day he worked more than ten hours,

(iv) entitled to liquidated damages equal to twenty-five percent of his unpaid overtime wages, minimum wages, spread of hours, and (v) entitled to attorneys fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, MAURICIO MARTINEZ was, at all relevant times, an adult individual, residing in Kings County.

7. Upon information and belief, Defendant MARCHO CORP. d/b/a COCO ROCO is a New York Corporation with its principal place of business in Brooklyn, New York.

8. Upon information and belief, Defendant LUCIA ANTOLINO-TISCO is a New York resident and an owner of Defendant Corporation as well as the employer of plaintiff and similarly situated employees as described in the FLSA and New York labor law.

## COLLECTIVE ACTION ALLEGATIONS

9. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since June 10, 2010 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not

paid minimum wage compensation and/or overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek and (the "Collective Action Members").

10. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are approximately 25 members of Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

12. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

d. whether Defendants failed to pay the Collective Action Members a rate at least equal to the minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendants should be enjoined from such violations of the FLSA in the future.

14. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

15. At all relevant times, Defendants maintained and operated a restaurant in Brooklyn, New York.

16. Starting in or about March 9, 2010, Plaintiff was hired as a food service worker for Defendants.

17. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

18. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

19. Defendants willfully failed to pay the Plaintiff at a rate at least equal to the minimum wage, in violation of the FLSA.

20. Plaintiff often worked in excess of 40 hours per week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate in violation of the FLSA.

21. Plaintiff was employed by the Defendants from in or about March 9, 2010 until in or about April 27, 2010. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

22. Such individuals were not paid at a rate at least that of the applicable minimum wage, in violation of the FLSA.

23. Such individuals have worked in excess of 40 hours a week, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate and the lawful minimum wage rate. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

24. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

25. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 24 as if they were set forth again herein.

26. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

6

29.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

30.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

31.     Defendants willfully failed to pay Plaintiff, and the Collective Action Members, at the applicable minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

32.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

33.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

34.     Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendants, their unpaid overtime compensation, unpaid minimum wage compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF:
## NEW YORK LABOR LAW

35. Plaintiff, on behalf of himself, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

36. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

37. Defendants willfully violated Plaintiff's rights by failing to pay him the applicable minimum wage for each hour Plaintiff worked, in violation of New York Labor Law § 592(1).

38. Defendants willfully violated Plaintiff's rights, by failing to pay him overtime compensation at rates no less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulation.

39. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour of pay, at the applicable minimum wage, for each day in which Plaintiff worked 10 or more hours, in violation of the New York Labor Law and its regulations.

40. The Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

41. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation and minimum wage compensation due under the FLSA;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of unpaid minimum wage compensation, overtime compensation and spread of hours compensation due under the New York Labor Law;

g. An award of prejudgment and postjudgment interest;

9

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
June 9, 2010

By: _____
Justin A. Zeller (7094)

LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, NY 10007
Tel: (212) 229-2249
Fax: (212) 229-2246

**ATTORNEYS FOR PLAINTIFF**